Steven John Moser (SM6628)
Moser Law Firm, P.C.
5 E. Main Street
Huntington, NY  11743
(631) 824-0200
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angel Ayala, individually and on behalf of all others situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Angel Ayala, on behalf of himself and all others similarly situated, by his attorneys, the Moser Law Firm, P.C. hereby files this complaint against Defendants BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz, and alleges as follows:

## INTRODUCTION

1. This action is brought individually to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, overtime violations of the Hospitality Industry Wage Order, 12 NYCRR § 146, and wage statement violations under New York Labor Law § 195(3).

1

2. This action is also brought individually and as a class action under Fed. R. Civ. P. 23 to remedy spread of hours violations of the New York Labor Law ("NYLL") and the Hospitality Industry Wage Order.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

### *Plaintiff*

5. Plaintiff Angel Ayala is a natural person who resides in Queens County, New York.

### *Defendants*

#### *BL 62 West 9th St, LLC*

6. Defendant BL 62 West 9th St, LLC is a limited liability company formed under the laws of the State of New York.

7. Defendant BL 62 West 9th St, LLC is doing business as Casa Apicii.

8. From July 2016 until July 2018, Defendant BL 62 West 9th St, LLC ("Casa Apicii") did business as Casa Apicii.

9. Defendant Casa Apicii operates a restaurant at 62 West 9th Street, New York, New York.

10. From July 2016 until July 2018, Defendant Casa Apicii operated a restaurant at 62 West 9th Street, New York, New York.

11. From January 1, 2017 until July 2018, Casa Apicii was engaged in commerce as defined by the FLSA. 29 U.S.C. §§ 201 *et seq*.

12. For the 2017 calendar year, Casa Apicii had an annual dollar volume of sales or business done of $500,000 or more.

13. For the 2018 calendar year, Casa Apicii had an annual dollar volume of sales or business done of $500,000 or more.

*BL 62 West 9th Management, LLC*

14. Defendant BL 62 West 9th Management, LLC is a limited liability company formed under the laws of the State of Delaware.

15. Defendant BL 62 West 9th Management, LLC maintains a principal place of business at 62 West 9th Street, New York, New York.

*Apicii, LLC*

16. Defendant Apicii, LLC is a limited liability company formed under the laws of the State of New York.

17. Defendant Apicii, LLC maintains a principal place of business at 62 West 9th Street, New York, New York.

*Apicii Advisors, LLC*

18. Defendant Apicii Advisors, LLC is a limited liability company formed under the laws of the state of Delaware.

19. Defendant Apicii Advisors, LLC maintains a principal place of business at 62 West 9th Street, New York, New York.

*Apicii Management, LLC*

20. Defendant Apicii Management, LLC is a limited liability company formed under the laws of the State of New York.

21. Defendant Apicii Management, LLC maintains a principal place of business at 62 West 9th Street, New York, New York.

*Thomas A. Dillon*

22. Defendant Thomas A. Dillon is a natural person residing, upon information and belief, in Mount Kisco, New York.

*Bernard Schwartz*

23. Defendant Bernard Schwartz is a natural person residing, upon information and belief, in Brooklyn, New York.

**FACTUAL ALLEGATIONS**

24. Plaintiff Angel Ayala ("Mr. Ayala") was employed by Casa Apicii from approximately July 2016 until July 2018.

25. Mr. Ayala worked in the kitchen, where he prepared food.

26. From approximately July 2016 until February 2018, Mr. Ayala's regular work schedule was from 7 am to 5 pm Tuesday, Wednesday, and Thursday and from 7 am to 6 pm Friday and Saturday. During this time period his actual hours worked varied slightly on a day to day basis and he often worked a spread of hours in excess of ten.

27. From approximately February 2018 until July 2018, Mr. Ayala's work schedule was from 7 am to 6 pm Tuesday, Wednesday, and Thursday and from 7 am to 8 pm Friday and Saturday.

4

28.     From approximately July 2016 until February 2017, Mr. Ayala's regular rate of pay was $17.50 per hour.

29.     Beginning in approximately February 2017, Mr. Ayala was paid a salary of $1,019.23.

30.     At some point between March 2017 and January 2018, Mr. Ayala's salary was increased to $1,153.85.

31.     With limited exceptions, Mr. Ayala was not paid any overtime premium pay from February 2017 until July 2018, even though he regularly worked more than 40 hours per week.

32.     For example, the Mr. Ayala worked at least 50 hours during the workweek ending March 12, 2017.  For this workweek, the plaintiff was paid a salary of $1,019.23.

33.     For example, the Plaintiff worked at least 50 hours during the workweek ending January 7, 2018.  For this workweek, the Plaintiff was paid a salary of $1,153.85.

34.     Between February 2017 and July 2018, the wage statements furnished to the Plaintiff by Casa Apicii did not, for the most part, indicate that he was being paid on a salary basis.  Instead, they indicated that he was being paid for 40 hours at an hourly rate.

35.     Between February 2017 and July 2018, the wage statements furnished to the Plaintiff by Casa Apicii did not accurately reflect the Plaintiffs' overtime rate or the number of overtime hours worked.  Instead, if the Plaintiff worked more than 40 hours, the wage statements incorrectly stated that the Plaintiff worked only 40 hours.

36.     Between February 2017 and July 2018, when the Plaintiff worked fewer than 40 hours per week, the Defendants failed to pay him his full salary, and instead paid him by the hour.

37. For example, for the workweek ending July 1, 2018, the Plaintiff worked 34.67 hours. During this pay period, the Plaintiff was paid for 34.67 hours at $25 per hour, rather than his regular salary.

38. In 2016 the Plaintiff was not paid spread of hours pay, even though he worked a spread of hours in excess of ten on average three times per week.

39. The defendants also failed to pay the Plaintiff spread of hours pay for the period from February 2017 until July 2018, even though he worked a spread of hour in excess of ten between two and five days each week.

*Thomas A. Dillon*

40. Defendant Thomas A. Dillon is the Chief Executive Officer of Casa Apicii.

41. Defendant Thomas A. Dillon is one of the founders of Casa Apicii.

42. Upon information and belief, Defendant Thomas A. Dillon is a member of Casa Apicii.

43. Upon information and belief, Defendant Thomas A. Dillon had the power to hire and fire the Plaintiff and those similarly situated, supervised and controlled the work schedules and conditions of employment, determined the rate and method of pay, and maintained records of employment.

44. Upon information and belief, Defendant Thomas A. Dillon exercised sufficient operational control over Casa Apicii to be deemed the employer of the Plaintiff and those similarly situated.

*Bernard Schwartz*

45. Defendant Bernard Schwartz is an officer of Casa Apicii.

46. Defendant Bernard Schwartz is one of the founders of Casa Apicii.

47. Upon information and belief, Defendant Bernard Schwartz is a member of Casa Apicii.

48. Upon information and belief, Defendant Bernard Schwartz had the power to hire and fire the Plaintiff and those similarly situated, supervised and controlled the work schedules and conditions of employment, determined the rate and method of pay, and maintained records of employment.

49. Upon information and belief, Defendant Bernard Schwartz exercised sufficient operational control over Casa Apicii to be deemed the employer of the Plaintiff and those similarly situated.

*Single Integrated Enterprise*

50. BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, and Apicii Management, LLC, (the "Corporate Entities") all form part of a single integrated enterprise, and therefore constitute a single employer for the purposes of FLSA and NYLL liability.

51. More specifically, upon information and belief, the Corporate Entities share interrelated operations, common management, centralized control of labor relationships, and common ownership.

52. There exists centralized control of labor relationships. For example, a single worker's compensation insurance policy covers all of the employees of BL 62 West 9th St, LLC d/b/a Casa Apicii, Apicii, LLC, and Apicii Advisors, LLC.

53. Upon information and belief, all of the Corporate Entities are commonly owned, in part, by Defendants Thomas A. Dillon and/or Bernard Schwartz.

54. All of the corporate entities share a common principal place of business.

55. All of the corporate entities are involved in the restaurant management and/or restaurant industry.

## CLASS ACTION ALLEGATIONS

56. The Plaintiff brings the Fourth Cause of Action behalf of himself and a class of persons consisting of all non-exempt employees of Casa Apicii who worked a spread of hours in excess of 10 and did not receive spread of hours pay at any time from June 2016 to the present (the "New York Class").

57. At times, when Plaintiff and the New York Class worked a spread of hours in excess of 10, the Defendants did not pay them the spread of hours premium.

58. Upon information and belief, the failure to pay spread of hours pay to hourly employees working a spread of hours in excess of ten was a uniform policy.

59. Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

60. The members of the New York Class so numerous that joinder of all members is impracticable.

61. Upon information and belief, the size of the New York Class is at least 75 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

62. Common questions of law and fact exist as to the class that predominate over any questions only affecting class members individually and include, but are not limited to, the following:

    (a) Whether Plaintiff and the members of the New York Class were covered by the Hospitality Industry Wage Order.

    (b) whether Defendants failed to pay the spread-of-hours premium as required.

63. Individualized proof is not necessary to prosecute the class claims, as the information necessary to calculate each class member's damages is available from comprehensive wage and hour records kept by the defendants.

64. The claims of the Plaintiff are typical of the class-wide claims. The Plaintiff and all of the class members work, or have worked, for Defendant Casa Apicii as hourly employees in the State of New York. The Plaintiff and the class members enjoy the same statutory rights under the NYLL, to be paid spread of hours pay. The Plaintiff and the class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Plaintiff and the class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

65. The Plaintiff will fairly and adequately represent and protect the interests of the members of the class and subclasses. The Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. The Plaintiff recognizes that as a class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. The Plaintiff recognizes that any resolution of a class action

must be in the best interest of the class.  The Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.  The Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiff and the class members.

66. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

67. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

68. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act*

*29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

69. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

70. Defendant BL 62 West 9th Street, LLC d/b/a Casa Apicii is an enterprise engaged in commerce under 29 U.S.C. § 203.

71. Defendants BL 62 West 9th Street, LLC d/b/a Casa Apicii, Thomas A. Dillion and Bernard Schwartz are each an employer within the meaning of 29 U.S.C. § 203.

72. The Corporate Entities (as previously defined), constitute a single employer under the FLSA.

73. Plaintiff is an employee within the meaning of 29 U.S.C. § 203.

74. Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

75. Defendants failed to pay Plaintiff the overtime wages to which he is entitled.

76. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA.  *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988).   Therefore, a three year statute of limitations applies.  29 U.S.C. § 255.

## SECOND COUNT

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq.*

*(NYLL § 663 and 12 N.Y. Compilation of Codes, Rules, and Regulations § 146-1.4)*

77. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

78. Plaintiff was an employee within the meaning of New York Labor Law § 2.

79. Defendants are each an employer and employed the Plaintiff within the meaning of New York Labor Law § 2.

80. Defendants are required to pay Plaintiff at a rate of one and one half his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

81. Defendants failed to compensate the Plaintiff the overtime wages to which he is entitled.

## THIRD COUNT

*Wage Statement Violations Under NYLL § 195(3)*

82. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

83. Defendants were required to furnish to the Plaintiff a statement with every payment of wages, stating whether the Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or otherwise.

84. "For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." NYLL § 195(3).

85. As detailed in this Class Action Complaint, the Defendants failed to furnish adequate wage statements to the Plaintiff.

## FOURTH COUNT

### *On Behalf of Named Plaintiff and the New York Class*

*Spread of Hours Pay Pursuant to 12 NYCRR § 146-1.6.*

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants have willfully failed to pay Plaintiff and the members of the New York Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded 10.

88. By Defendants' failure to pay Plaintiff and the members of the Spread of Hours Class spread of hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations specifically 12 NYCRR § 146-1.6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and NYLL;

B. Liquidated damages in an amount equal to unpaid overtime pay under the FLSA;

C. Liquidated damages in an amount equal to unpaid overtime wages under the NYLL:

D. Unpaid spread of hours pay, and an amount equal to unpaid spread of hours pay as liquidated damages under the NYLL:

E. For wage statement violations, civil damages in the amount of $250 per workday, up to a total of $5,000;

F. Reasonable attorney's fees and costs of the action;

G. Prejudgment interest; and

H.  Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
July 8, 2020

>Respectfully submitted,
MOSER LAW FIRM, P.C.

By:  Steven John Moser
5 E. Main St.
Huntington, NY  11743
(631) 824-0200
smoser@moseremploymentlaw.com
*Attorney for Plaintiffs*