


631-824-0200
steven.moser@moserlawfirm.com

February 24, 2021

VIA ECF

Hon. Vernon S. Broderick, USDJ
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Ayala v. BL 62 West 9th St, LLC*, 20-cv-05233-VSB

Dear Judge Broderick:

I represent the Plaintiff Angel Ayala ("Plaintiff") in the above-reference matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the Settlement Agreement (the "Agreement") reached between Plaintiff and Defendants BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz (the "Defendants," and together with Plaintiff, the "Parties") and so order the attached Stipulation and Proposed Order of Dismissal.

The Parties agreed to a negotiated Agreement after engaging in discovery and partaking in extensive settlement discussions. The proposed Agreement is attached hereto as Exhibit A. Defendants have agreed to the settlement and will be executing the agreement shortly. We expect to file a fully executed settlement agreement on or before March 3, 3021. The Agreement reflects a reasonable compromise over contested issues; it is the result of arms-length negotiations between the Parties, who were adequately represented by counsel. We, therefore, ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The Parties represent to the Court that, while Plaintiff believes that the settlement amount is less than the amount to which he would be entitled if he prevailed at trial on all claims, and Defendants believe the settlement amount is more than the amount Plaintiff would recover if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

Plaintiff brought this action seeking to recover unpaid overtime wages, spread of hours pay, and liquidated damages for failure to provide accurate wage statements pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law ("NYLL").






Plaintiff contends that he worked at Defendants' restaurant from approximately July 2016 until July 2018. Plaintiff alleges that he worked in the kitchen where he prepared food. In 2016, the Plaintiff alleges that he did not receive spread of hours pay on each day in which his spread of hours exceeded 10 under 12 NYCRR § 146-1.6. From February 2017 until July 2018, Plaintiff alleges that he was misclassified as an exempt employee and was paid a salary. He claims that he is entitled to overtime during this period under 29 USC § 207 and 12 NYCRR § 146-1.4. He also claims that the failure to furnish a wage statement containing the actual hours worked during the time that he was paid a salary constitutes a violation of the wage statement provision of NYLL § 195(3).

After engaging in limited discovery, calculating potential damages, and partaking in negotiations, the Parties agreed on the settlement amount of $21,000. This settlement amount reflects a fair compromise of disputed issues and avoids potentially significant and unanticipated burdens and expenses in establishing the Parties' respective positions through a trial and possible appeal.

**Settlement**

The Parties have agreed to resolve this action for the total sum of $21,000.00, which will be paid as outlined in Exhibit A. Plaintiff alleges that he is entitled to overtime wages of approximately $26,862. Defendants maintain that Plaintiff is not entitled to any back wages. Defendants furnished a job description signed by the Plaintiff outlining Plaintiff's exempt duties. Defendants claim that the job description was furnished to Plaintiff at the time of his promotion to a supervisory exempt position at the restaurant. Plaintiff estimates that had he recovered in full for his overtime, he would be entitled to approximately $53,724.00, which represents the alleged back wages plus liquidated damages.

The Plaintiff also alleges that he is entitled to spread of hours pay for the year 2016 in the amount of $300.00. Defendants assert that the total spread of hours owed to the Plaintiff, including liquidated damages, is less than $1,500. Finally, the Plaintiff asserts that he is entitled to liquidated damages in the amount of $5,000 for failure to provide wage statements containing an accurate number of hours worked during the period that he was treated as an exempt employee. Defendants respond that since he was an exempt employee, there was no requirement to include the actual number of hours worked under NYLL § 195(3).

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, L.L.C.*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert*, Inc., 2013, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking*






*Computing USA*, Inc., 2008, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Barnett v. Conn. Light & Power Co., 90*0 F. Supp. 2d 224, 225 (D. Conn. 2012) (quoting Barn*ett v. Conn. Light & Power Co. (VLB),* CIV*IL* ACTION NO. 3:11-cv-1037 (VLB), 2010 WL 3000028, at *1 (D. Conn. Sept. 28, 2012)).

The Agreement is fair to Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of a trial and a possible appeal. The Twenty-One Thousand Dollars ($21,000.00) that Plaintiff will be receiving accounts for nearly all alleged unpaid overtime wages that Plaintiff believes he could have potentially recovered at trial. The Defendants contend that the job description signed by the Plaintiff clearly outlines his exempt duties and therefore he is not entitled to any overtime whatsoever. Defendants point out that Plaintiff's wage statement claims would also fail if the Defendants prevailed on the exemption issue. The Defendant's position is that according to the payroll records Plaintiff would be entitled to at most $1,500 in spread of hours pay and liquidated damages. The settlement is reasonable in light of the range of possible recovery and the serious litigation risks faced. There is significant risk that the Plaintiff would not prevail on the exemption issue. Further litigation would also in further delay, as would a potential appeal.

Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel that took place following the exchange of relevant documents. Thus, there is a presumption of fairness and no suggestion of fraud or collusion between the parties or their counsel. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in an arm's length negotiations between experienced, capable counsel after meaningful discovery."). Since the Agreement reflects a reasonable compromise over issues that were vigorously contested, the Court should approve the settlement. *See Hernandez v. Merrill Lynch & Co., No*. 11 Civ. 8472 (KBF) (DCF), 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement.") (citation omitted).

The Agreement also complies with the Second Circuit's decision in *Cheeks* and does not present any particular concerns raised by Cheeks. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824 (SIL), 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (finding that Cheeks highlighted the potential for abuse in settlements with overbroad general releases and confidentiality provisions). The Agreement contains neither an overbroad release nor a confidentiality provision.






**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $7,000.00 (one third of the settlement amount) plus reimbursement for out of pocket costs in the amount of $727.00.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Coleman v. DeFranco Pharm., Inc.*, No. 17 Civ. 8340 (HBP), 2018 U.S. Dist. LEXIS 129140, at *6 (S.D.N.Y. Aug. 1, 2018) (compiling cases); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc., 26*4 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and negotiations. The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks*, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation and Proposed Order of Dismissal is included as an attachment to Exhibit A for this Court's convenience and consideration.

Thank you for your consideration in this matter.

Respectfully submitted

Steven John Moser