```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANGEL AYALA,                                                :
                                                            :
                          Plaintiff,                        :
                                                            :           20-CV-5233 (VSB)
                -v-                                         :
                                                            :                ORDER
                                                            :
                                                            :
                                                            :
BL 62 WEST 9TH ST, LLC, et al.,                             :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 27.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the settlement agreement contains an impermissible reemployment ban, the parties' request that I approve their settlement agreement is DENIED.

**I.     Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

1

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

II. **Discussion**

Pursuant to my Order of January 24, 2021, (Doc. 25), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable, (Doc. 27). I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are not, and therefore do not approve the parties'

2

settlement agreement.

### A.     *Settlement Amount*

I first consider the settlement amount.  The agreement provides for the distribution to Plaintiff of $21,000, inclusive of attorneys' fees and expenses.  (*See* Doc. 27-1, at ¶ 4(A).)  Counsel represents that Plaintiff believes he is entitled to $53,724, which includes $26,862 in overtime wages plus liquidated damages.  (Doc. 27, at 2.)  While the settlement amount is therefore only a fraction of the total amount Plaintiff claims is owed to him, the parties argue that this settlement is fair in light of the litigation and collection risks specific to this case.  In particular, "Defendants contend that the job description signed by the Plaintiff clearly outlines his exempt duties and therefore he is not entitled to any overtime whatsoever."  (*Id.* at 3.)  Nevertheless, a $21,000 settlement would "account[] for nearly all alleged unpaid overtime wages that Plaintiff believes he could have potentially recovered at trial."  (*Id.*)  The litigation risks and potential costs of continued litigation militate in favor of settlement of this case.  The parties' settlement negotiations appear to have been at arm's length.  Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement.  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the amount is fair and reasonable under the circumstances presented here.

### B.     *Reemployment Ban*

The parties allege that the proposed settlement agreement "contains neither an overbroad release nor a confidentiality provision" and thus "complies with the Second Circuit's decision in *Cheeks*."  (*Id.* (citing *Cheeks*, 796 F.3d at 199).)  It is true that the agreement contains no confidentiality provision, and its release is properly limited to wage-and-hour claims.  (*See* Doc. 27-1, at ¶ 5.)  However, the proposed settlement agreement has a reemployment ban.  (*See id.* at ¶ 7.)  "Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs

3

from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *5 (S.D.N.Y. Oct. 5, 2020) (internal quotation marks omitted). "Such bars on reemployment conflict with the FLSA's primary remedial purpose." *Bonaventura v. Gear Fitness One NY Plaza LLC*, No. 17 Civ. 2168 (ER), 2021 WL 1907368, at *1 (S.D.N.Y. Apr. 12, 2021) (internal quotation marks omitted).

Here, the proposed settlement agreement includes a provision stating that Plaintiff waives all rights to

> (i) be employed by; (ii) be assigned to; (iii) work for; (iv) seek employment with or apply to; (v) accept employment with; or (vi) provide services in exchange for compensation in any capacity (including but not limited to as an employee, independent contractor, consultant or temporary employee) with or for any of the Defendants.

(Doc. 27-1, at ¶ 7.) Such a reemployment ban is particularly inappropriate here, where "Plaintiff has provided not a shred of explanation—and no cases—to justify inclusion of such a provision." *Zekanovic*, 2020 WL 5894603, at *5 (internal quotation marks omitted). Accordingly, I will not approve the proposed settlement agreement in its current form.

### C. *Attorneys' Fees*

Lastly, I consider the attorneys' fees contemplated in the settlement agreement. The attorneys' fees sought are $7,727, representing one-third of the $21,000 settlement amount, plus reimbursement for out-of-pocket costs in the amount of $727. (Doc. 27, at 4.) As an initial matter, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). While this case is still at an early stage, it is clear that Plaintiff's counsel have expended time on at least the following:

investigating and researching Plaintiff's claims; drafting and filing the complaint; and negotiating and executing the settlement. (*See* Doc. 29-1.) Moreover, because courts in this District typically approve hourly rates of approximately $175 to $450 for attorneys working on FLSA litigation, the proposed award represents appropriate compensation for the hours put into this case.[1] *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Ochoa v. Prince Deli Grocery Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III. Conclusion

For the reasons stated above, I find that the reemployment ban in the proposed settlement agreement renders the agreement not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

---

[1] Counsel Steven Moser's proposed rate of $500/hour, (*see* Doc. 29-1), is higher than the "prevailing maximum rate in the Southern District," which is $450/hour. *See Ochoa*, 2021 WL 5235222, at *2. Some of Plaintiff's counsel's billing entries also appear inflated, such as six separate entries on the same day reflecting time spent calendaring individual deadlines; I doubt that anyone spent 36 minutes entering six deadlines onto a calendar. (*See* Doc. 29-1.) Nevertheless, even after taking into account the prevailing maximum rate and after discounting inappropriate entries, the lodestar appears to be $10,765, which means the requested $7,000 award is only a fraction of the lodestar.

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:     January 10, 2022
           New York, New York

_____
Vernon S. Broderick
United States District Judge