UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angel Ayala, individually and on behalf of all others situated,<br><br>      Plaintiff,<br><br>-*against*-<br><br>BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz,<br><br>      Defendants. | ECF Case<br><br>No. 1:20-cv-05233 (VSB) |

### **AMENDED SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

  **WHEREAS,** Plaintiff Angel Ayala ("Plaintiff") commenced the above-captioned action against Defendants BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz (collectively, "Defendants") on July 8, 2020, in the United States District Court for the Southern District of New York ("Court"), bearing Case No. 1:20-cv-05233 ("Action") and alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

  **WHEREAS,** Defendants have denied and continue to deny all allegations and claims made by Plaintiff in their entirety;

  **WHEREAS,** Plaintiff and Defendants (collectively, the "Parties") desire to fully and finally resolve all claims that they have, had, and/or may have against each other;

  **WHEREAS,** Plaintiff and Defendants engaged in extensive negotiations in good faith and at arms-length and exchanged detailed damages calculations for settlement purposes, which resulted in a settlement in principle;

  **WHEREAS,** Plaintiff and Defendants reached a settlement that is acceptable to the Parties and that constitutes a fair and reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the Parties; and

  **WHEREAS,** the Parties have memorialized their settlement by way of this Settlement Agreement and Release ("Agreement") and understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

130946261

      **NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiff, on behalf of himself and all of his heirs, executors, administrators, and assigns, and Defendants agree as follows:

      1.      **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with Plaintiff's counsel, Steven John Moser of the Moser Law Firm, P.C. ("Plaintiff's Counsel"), in order to obtain advice with respect to the terms of this Agreement, and has had the opportunity to consider Plaintiff's Counsel's advice with respect to the foregoing and following Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms, after it has been translated into Plaintiff's primary language by Plaintiff's counsel (if necessary).

      2.      **No Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or anyone else as a result of or growing out of matters that: (i) are set forth in the Complaint filed by Plaintiff in the Action; (ii) could have been raised in the Action; or (iii) otherwise involve Plaintiff's employment relationship with Defendants and/or the separation or termination of Plaintiff's employment relationship with Defendants. Plaintiff shall not be considered a prevailing party. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action or in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement.

      3.      **Dismissal of Action and Settlement Approval.** For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiff hereby acknowledges, Plaintiff agrees: (i) to dismiss the Action with prejudice or cause the Action to be dismissed with prejudice; (ii) not to re-file the causes of action asserted in the Action or any other causes of action that could have been asserted in the Action; (iii) not to institute any action against Defendants based on any claims or allegations that exist on or prior to the date that Plaintiff executes this Agreement (the "Effective Date") and that are released by this Agreement; and (iv) not to institute any action against Releasees (as defined below) based on any wage and hour claims that exist on or prior to the Effective Date and that are released by this Agreement. The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016) ("*Cheeks*"). To that end, the Parties shall sign the Stipulation and (Proposed) Order Approving FLSA Settlement and Dismissing Action with Prejudice ("Dismissal Order") that is attached to this Agreement as **Exhibit A**. The Dismissal Order shall be filed in the United States District Court for the Southern District of New York with a fully executed copy of this Agreement and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of the Action with prejudice. Defendants shall be provided with a reasonable period of time to review and provide comments to Plaintiff regarding Plaintiff's application for the approval of this Agreement prior to its submission to the Court, as well as to make his own submission to the Court if appropriate.

4.      **Consideration.**

A.      For and in consideration of the promises of Plaintiff set forth in this Agreement, including but not limited to the releases contained in Sections 5(A) and 5(B) below, and subject to an order by the Court approving the terms and conditions of this Agreement as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act, in accordance with *Cheeks*, and dismissing the Action with prejudice (collectively, "Final Order"), Defendants agree to cause to be paid to Plaintiff and his attorneys the maximum total sum of Twenty-One Thousand Dollars and Zero Cents ($21,000.00) ("Settlement Payment") in full and final satisfaction of all issues between the Parties (excluding the employer's share of any payroll taxes typically borne by an employer with respect to any payment made to Plaintiff on a W-2 basis).  The Settlement Payment shall be allocated and paid as follows:

(i)     Defendants shall cause to be issued to Plaintiff $13,273.00 which shall be paid as follows: (1) twenty percent (20%) of this payment to Plaintiff represents back wages and compensation allegedly due to Plaintiff and shall be paid less applicable taxes and deductions, and shall be reported via an IRS Form W-2, and (2) the remaining eighty percent (80%) of the payment to Plaintiff represents alleged liquidated damages, penalties, and interest, to be treated as non-wage damages and reported on an IRS Form 1099;

(ii)    Defendants shall cause to be issued a check payable to "Moser Law Firm, P.C." in the amount of $7,727,00 which represents attorneys' fees of one third of the settlement ($7,000.00), plus costs, and expenses in the amount of $727.00.  The total amount of attorneys fees and costs shall be reported on an IRS Form 1099.

B.      Provided that no appeal is filed, Defendants shall deliver the Settlement Payment, as set forth above, to Plaintiff's Counsel within thirty (30) days after the Court has entered the Final Order and Plaintiff and Plaintiff's Counsel have provided the required tax forms as described in Section 4(C) below, whichever occurs last.  However, if an appeal is timely filed, then Defendants shall deliver the Settlement Payment to Plaintiff's Counsel within seven (7) days after the date of the latest of the following events: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court; and (5) Plaintiff and Plaintiff's counsel have provided the required tax forms as described in Section 4(C) below.  In the event that the due date for the Settlement Payment falls on a weekend or Court holiday, then the Settlement Payment shall be due the next business day following the weekend or Court holiday at issue.  Plaintiff's Counsel shall be responsible for distributing Plaintiff's portion of the Settlement Payment to Plaintiff.

C.      Defendants will issue Plaintiff an IRS Form W-2 and an IRS Form 1099 in connection with the payments to Plaintiff set forth above.  Plaintiff shall provide Defendants' counsel with completed IRS Forms W-4 and W-9 prior to receiving the payments set forth above.  Defendants will issue an IRS Form 1099 to Moser Law Firm, P.C. in connection with the payment set forth above.  Moser Law Firm, P.C. shall provide a completed IRS Form W-9 to Defendants' counsel prior to receiving the payment set forth above.

        D.    Because a portion of the Settlement Payment does not encompass wages, Defendants will not withhold taxes from the non-wage payment ("Non-Wage Payment"). Plaintiff understands and agrees that Plaintiff is solely responsible for any and all tax obligations that may result from the Non-Wage Payment and that Plaintiff is not relying on any representations made by Defendants or their counsel regarding the tax implications of the Non-Wage Payment. Although the Parties believe, in good faith, that the tax treatment of the Non-Wage Payment is proper and in compliance with applicable IRS, state, and local regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that Plaintiff and/or any of the Defendants are liable for any failure by Plaintiff to pay federal, state, or local taxes with respect to the Non-Wage Payment, Plaintiff agrees to reimburse, indemnify, and hold Defendants harmless for any such liability.

        E.    Plaintiff's Counsel and Defendants' counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of any portion of the Settlement Payment. To the extent that this Agreement is interpreted to contain or constitute legal advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Plaintiff agrees that he has not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but is relying on his own judgment and the advice of his own counsel in this matter.

        F.    All payments set forth above shall be subject to all liens and wage garnishment notices concerning Plaintiff that are received by Defendants to the extent required by applicable law.

    5.    **Wage and Hour Release by Plaintiff.**  For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns, hereby fully and forever releases, relieves, waives, relinquishes, and discharges Releasees (as defined below) from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to Plaintiff's compensation and/or any alleged wage and hour violations arising from or relating to Plaintiff's employment or engagement with Defendants, whether known or unknown, under federal, state, and/or local wage and hour laws (including, but not limited to, the FLSA, the NYLL, the New York Code of Rules and Regulations, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act) or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the Effective Date of this Agreement. This release is limited solely and only to wage and hour claims that have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date. As used in this Agreement, the term "Releasees" shall refer to Defendants (specifically, and for the sake of clarity, BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz), Defendants' subsidiaries, parents, affiliates, successors, related entities, assigns, heirs, executors, administrators, and

attorneys, and all of their present and former owners, directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, and insurers.

6. **No Entitlement to Payments or Benefits Outside This Agreement.** Plaintiff expressly understands and agrees that, except as specifically provided in this Agreement, Plaintiff is not entitled to any payments and/or benefits from Releasees, including, but not limited to, any wages, compensation, back pay, front pay, gratuities, charges purported to be gratuities, commissions, incentive pay, bonuses, interest, damages, benefits, severance pay, vacation pay, sick leave, paid time off, costs, disbursements, and/or attorneys' fees through the date that Plaintiff executes this Agreement.

7. **Governing Law.** This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

8. **Venue.** Venue for any dispute between the Parties shall lie in the United States District Court for the Southern District of New York. However, if the Court should refuse or decline to accept jurisdiction for any reason, the Parties agree that this Agreement may be enforced in any court of competent jurisdiction located in the State of New York, County of New York. The Court's refusal to retain jurisdiction over the settlement shall not void or otherwise effect this Agreement.

9. **Severability.** In the event that the Court determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect. In the event that, after the Court approves this Agreement (including Section 5) and dismisses the Action with prejudice, another court of competent jurisdiction determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect. However, if that court of competent jurisdiction determines that Section 5 is invalid or unenforceable, then all monies paid hereunder must be returned to Defendants immediately.

10. **Status of Settlement if Case Is Not Ultimately Dismissed.** In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

11. **Attorneys' Fees and Costs.** Except as otherwise specifically set forth herein, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and expenses incurred in the Action, including the fees, costs, and expenses incurred in negotiating the settlement, drafting this Agreement, and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees, costs, or expenses for any other party, except as set forth herein.

12. **Interpretation/Jointly Drafted Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly

for or against any of the Parties.  This Agreement has been negotiated by and between the Parties' respective attorneys.  It shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

13. **Important Acknowledgments.**  It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby.  The Parties represent and warrant that this Agreement, including the monies received by Plaintiff and referenced herein, constitutes a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks*.  Accordingly, the Parties represent and warrant that the Settlement Payment is fair and reasonable and that the attorneys' fees portion of the Settlement Payment is fair and reasonable.  The Parties further represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys and that they are executing this Agreement knowingly and voluntarily.

14. **No Other Representations or Agreements; Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement.  This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties.  There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement.  This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

15. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing that is signed by the Parties and specifically references this Agreement.

16. **Headings.**  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

17. **Successors and Assigns.**  This Agreement will apply to, be binding in all respects upon, and insure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them, provided, however, that no party may delegate or avoid any of its liabilities, obligations, or responsibilities under this Agreement.

18. **Execution in Counterparts.** This Agreement may be executed in counterparts by the Parties.  Each executed Agreement, when taken together, shall constitute a complete Agreement.  Scanned, photocopied, and/or facsimile copies of each executed Agreement shall be deemed original copies for all purposes.

19. **Knowing and Voluntary Acknowledgment.**  By signing this Agreement, Plaintiff acknowledges that:

A. Plaintiff has carefully read and fully understands all of the provisions of this Agreement;

B. Plaintiff understands that all of the consideration that Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it;

C. Plaintiff is, through this Agreement, releasing Defendants from any claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

D. Plaintiff is, through this Agreement, releasing Releasees from any wage and hour claims that Plaintiff may have against Releases relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

E. Plaintiff knowingly, freely, and voluntarily agrees to all of the terms set forth in this Agreement, including, without limitation, the waiver, release, and covenants contained in it;

F. Plaintiff knowingly and voluntarily intends to be legally bound by this Agreement;

G. Plaintiff was advised to consult with counsel, and, in fact, consulted with counsel, prior to executing this Agreement;

H. Plaintiff is signing this Agreement knowingly, voluntarily, and without any coercion or duress;

I. Plaintiff is duly authorized and has full authority to execute this Agreement; and

J. Plaintiff has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

ANGEL AYALA

Dated: 3/1/2022

DocuSigned by: *[signature]*
10379367A1B0495...

**BL 62 WEST 9ᵀᴴ STREET, LLC D/B/A CASA APICII**

- 7 -

130946261

- 8 -

Dated:    3/2/22            BY: *Benf.*

**BL 62 WEST 9TH MANAGEMENT, LLC**

Dated:    3/2/22            BY: *Benf.*

**APICII, LLC**

Dated:    3/2/22            BY: *Benf.*

**APICII ADVISORS, LLC**

Dated:    3/2/22            BY: *Benf.*

**APICII MANAGEMENT, LLC**

Dated:    3/2/22            BY: *Benf.*

**THOMAS A. DILLON**

Dated:    March 4, 2022        *Thos. C. Dil*

**BERNARD SCHWARTZ**

Dated:    3/2/22            *Benf.*

130946261

DocuSign Envelope ID: 01C3980F-82BD-498D-98BC-D50E8260126E
Case 1:20-cv-05233-VSB   Document 35-1   Filed 03/04/22   Page 9 of 11

- 9 -

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Angel Ayala, individually and on behalf of all others situated,<br><br>                    Plaintiff,<br><br>-*against*-<br><br>BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz,<br><br>                    Defendants. | ECF Case<br><br>No. 1:20-cv-05233 (VSB)<br><br>**STIPULATION AND (PROPOSED) ORDER APPROVING FLSA SETTLEMENT AND DISMISSING <u>ACTION WITH PREJUDICE</u>** |

        **WHEREAS,** on July 8, 2020, Plaintiff Angel Ayala ("Plaintiff") filed a Complaint asserting claims pursuant to the Fair Labor Standards Act and the New York Labor Law against Defendants BL 62 West 9th St, LLC d/b/a Casa Apicii, BL 62 West 9th Management, LLC, Apicii, LLC, Apicii Advisors, LLC, Apicii Management, LLC, Thomas A. Dillon, and Bernard Schwartz (collectively, "Defendants", and together with Plaintiff, the "Parties");

        **WHEREAS,** the Parties participated in extensive settlement discussions, and reached a settlement of Plaintiff's claims through arms-length negotiations;

        **WHEREAS,** the Parties have entered into an Amended Settlement Agreement and Mutual Release, dated February 28, 2022 ("Agreement"), memorializing the terms of the Parties' settlement; and

        **WHEREAS,** this Court has reviewed the Agreement, finds that its terms provide for a fair and reasonable resolution of a *bona fide* dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*,

130946261

796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016), and thereby approves the settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for Plaintiff and Defendants, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, that this action is dismissed with prejudice, with no award of counsel fees or costs by this Court to any party, and that this Court shall retain jurisdiction to enforce the terms of the Agreement.

| **MOSER LAW FIRM, P.C.** | **FOX ROTHSCHILD LLP** |
|---|---|
| By: *[signature: DB8102CE5833479]*<br>Steven J. Moser, Esq.<br>5 E. Main Street<br>Huntington, NY 11743<br>Tel: (631) 824-0200<br>smoser@moseremploymentlaw.com<br>*Attorneys for Plaintiff* | By: *Matthew Berger* [F2224E3FCA5F4AC]<br>Carolyn D. Richmond, Esq.<br>Matthew C. Berger, Esq.<br>101 Park Avenue, Suite 1700<br>New York, NY 10178<br>Tel: (212) 878-7900<br>crichmond@foxrothschild.com<br>mberger@foxrothschild.com<br>*Attorneys for Defendants* |

SO ORDERED.

Dated: New York, New York
_____ \_\_\_, 2022

_____
**HON. VERNON S. BRODERICK**

130946261