UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                               :
ANGEL AYALA,                              :
                                               :
                            Plaintiff,   :
                                               :                       20-CV-5233 (VSB)
                       -v-                            :
                                               :                            ORDER
                                               :
                                               :
BL 62 WEST 9TH ST, LLC, et al.,          :
                                               :
                                 Defendants.   :
                                               :
---------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 35.) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the terms of the revised proposed settlement agreement are fair and reasonable, the parties' request that I approve their agreement is GRANTED.

       Pursuant to my Order of January 24, 2021, (Doc. 25), the parties submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable, (Doc. 27). On January 10, 2022, I denied the parties' settlement agreement, on the grounds that the agreement had an impermissible reemployment ban. (Doc. 30.) I directed the parties to file a revised settlement agreement within 21 days of my order if they still intended to settle. (*Id.*) I incorporate the findings of my previous order by reference, including my findings

that the settlement amount of $21,000 and the attorneys' fees of $7,727 are fair and reasonable. (*See generally id.*) On March 4, 2022, following extensions of the deadline, the parties submitted a revised proposed settlement agreement. (Doc. 35.) I have independently reviewed the revised proposed settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are, and therefore approve the settlement agreement of the parties.

The first proposed settlement agreement included a provision stating that Plaintiff waived all rights to

> (i) be employed by; (ii) be assigned to; (iii) work for; (iv) seek employment with or apply to; (v) accept employment with; or (vi) provide services in exchange for compensation in any capacity (including but not limited to as an employee, independent contractor, consultant or temporary employee) with or for any of the Defendants.

(Doc. 27-1, at ¶ 7.) "Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *5 (S.D.N.Y. Oct. 5, 2020) (internal quotation marks omitted). "Such bars on reemployment conflict with the FLSA's primary remedial purpose." *Bonaventura v. Gear Fitness One NY Plaza LLC*, No. 17 Civ. 2168 (ER), 2021 WL 1907368, at *1 (S.D.N.Y. Apr. 12, 2021) (internal quotation marks omitted). I advised the parties that I would not approve a settlement agreement with an employment ban, (Doc. 30), and the parties deleted it in the most recent iteration of their settlement agreement, (*compare* Doc. 27-1 ¶¶ 7, 8 (regarding "Employment" and "Governing Law," respectively) *with* Doc. 35-1 ¶ 7 (regarding only "Governing Law")). In other words, the parties removed the employment ban, but did not alter the settlement agreement in any other way.

The revised settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to terminate the case.

SO ORDERED.

Dated:   June 3, 2022
         New York, New York

_____
Vernon S. Broderick
United States District Judge